Ruth M. Bayer, Defendant in Error, v. Peter J. Bayer, Plaintiff in Error.

Gen. No. 7,332.

DIVORCE—*when decree for divorce insufficient for want of showing of jurisdictional facts.* Where a bill for separate maintenance was filed to the January term of court but did not allege that complainant was a resident of the county or State and during the term was amended and made a bill for divorce, with proper allegations as to residence, praying for process to the March term, and a summons was issued, service had and, during the January term, defendant was defaulted and a decree for divorce entered against him, and there was no finding of fact in the decree or testimony in the certificate of evidence showing that complainant was a resident of the county or had been a resident of the State for a year next previous to the filing of the bill, sufficient jurisdictional facts to authorize a decree for divorce were not recited and the decree will be reversed.

Error by defendant to the Circuit Court of La Salle county; the HON. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1924. Reversed and remanded. Opinion filed July 26, 1924.

BUTTERS & BUTTERS, for plaintiff in error.

S. P. HALL, for defendant in error.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

Ruth M. Bayer, defendant in error, filed her bill for separate maintenance against Peter J. Bayer, plaintiff in error, to the January term, 1923, of the circuit court of La Salle county, and a summons was issued and served on plaintiff in error ten days prior to the first day of the said January term. The bill did not allege that the plaintiff in error was a resident of the county of La Salle or of the State of Illinois. The defendant in error at the January term, 1923,

amended her bill and made it a bill for divorce with proper allegations with reference to the residence.

The grounds for divorce relied on are cruelty and drunkenness. The bill for divorce prayed for process to the March term of the circuit court of La Salle county, 1923, and summons was served and service secured on the plaintiff in error. On January 29, 1923, during the January term the plaintiff in error was defaulted and a decree was entered against him for divorce, from which plaintiff in error prosecutes this writ of error.

It is insisted by plaintiff in error that the court had no jurisdiction to enter a decree of divorce at the January term, 1923. Section 23 of chapter 68, entitled "Husband and Wife," which section relates to the bringing of suits by the wife for separate maintenance, provides that: "Proceedings under this Act shall be instituted in the county where the husband resides, and process may be served in any county in the State;but the wife shall not be required to give bond for costs in any such proceedings: *Provided,* in case the husband shall abandon the wife without fault on her part, and remove to another county in this State, then and in that case such suit may be brought by the wife either in the county where they resided at the time of such abandonment as aforesaid or in the county where the husband resides at the time of the commencement of such suit." [Cahill's Ill. St. ch. 68, ¶ 23.]

In view of the provisions of this section of the statute it is quite apparent that the original bill for separate maintenance did not contain such allegations as are required by the statute in order to prosecute the suit in La Salle county, in this that it did not allege that the plaintiff in error, who was the defendant in the bill, resided in La Salle county, or that plaintiff in error and defendant in error resided in La Salle county at the time of the alleged abandon-

ment or that plaintiff in error was a nonresident of the State. There is no finding of fact in the decree or testimony in the certificate of evidence showing these facts.

There is no finding in the decree, nor any testimony in the certificate of evidence filed herein, that the defendant in error was a resident of the county of La Salle, where the action was begun and where the bill for divorce was filed, or that she had been a resident of the State for one whole year next previous to the filing of the said bill. It does not recite the jurisdictional facts necessary for a decree of divorce.

We have examined the abstract and we find that the decree contains no recital that the parties were ever married, nor does it find where the alleged acts of cruelty took place. After a careful examination of the abstract, we are of the opinion that the decree is wholly insufficient because it fails to find sufficient jurisdictional facts as required by law, and for that reason the decree is reversed and the cause remanded.

*Reversed and remanded.*